**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 12-23-DLB-JGW**

**SMA PORTFOLIO OWNER, LLC, et al.**                                              **PLAINTIFFS**

**vs.**

**CORPOREX REALTY & INVESTMENT, LLC, et al.**                      **DEFENDANTS**

*** *** *** ***

**CIVIL ACTION NO. 11-168-DLB-JGW**

**BANK OF AMERICA, N.A.**                                                              **PLAINTIFF**

**vs.**

**CPX MADISON PLACE OFFICE, LLC**                                      **DEFENDANT**

*** *** *** ***

<u>**AMENDED JUDGMENT**</u>

Pursuant to the Memorandum Opinion and Order entered on June 12, 2015 (Case No. 2:12-cv-23, Doc. # 264) and the Order entered contemporaneously herewith, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1.        All counterclaims and affirmative defenses filed in the above cases by CPX Madison Place Office, LLC (Madison), CPX Olympic Building II, LLC (Olympic), and CPX Realty & Investment, LLC (Realty) are **dismissed with prejudice**.

1

2.      **Judgment is entered** against Madison on Count I of Bank of America's Complaint (Case No. 2:11-cv-168-DLB-JGW, Doc. # 1) for breach of contract in the amount of $33,816,428.97, as of June 12, 2015, with interest accruing thereafter at 0.27 percent, compounding annually, until the Judgment is paid in full.

3.      **Judgment is entered** against Realty on Count III of Bank of America's Complaint (Case No. 2:12-cv-23-DLB-JGW, Doc. # 1) for breach of contract in the amount of $33,816,428.97, as of June 12, 2015, with interest accruing thereafter at 0.27 percent, compounding annually, until the Judgment is paid in full.

4.      To secure the amounts awarded to the Plaintiff pursuant to this Order of Sale, the Plaintiff is adjudged a lien against the property as described in the Mortgage (as defined below), prior and superior to any and all liens, claims or encumbrances except the following:

a.  Unpaid ad valorem real property taxes;

b.  Easements, restrictions, stipulations, and agreements of record;

c.  Assessments for public improvements; and

d.  Any matters that an inspection or accurate survey of the property disclose.

5.      Bank of America's mortgage lien and security interests in the Mortgaged Property, as described more specifically in Bank of America's Complaint (Case No. 2:11-cv-168, Doc. # 1) and that certain Leasehold Mortgage, Security Agreement, Assignment of Subleases and Rents and Fixture Filing dated as of October 20, 2006 (the "Mortgage") are declared valid, perfected liens on the Mortgaged Property; and Bank of America's mortgage lien and security interests in the Mortgaged Property are superior to each and every one

2

of Defendants' interests therein.

6.      Bank of America's mortgage lien and security interests attaching to the Mortgaged Property shall be foreclosed and the Property sold at auction, pursuant to Title 28, United States Code, Sections 2001 and 2002, in the manner hereinafter set forth; and the Mortgaged Property shall be sold free and clear of all liens, claims and rights of redemption of all the parties to this action, except for restrictions and easements of record, zoning laws affecting the Mortgaged Property, municipal utility and/or maintenance liens, and any city, county, state or local ad valorem taxes which may be due and payable or assessed against the Property at the time of the said sale. Payment of such property taxes and municipal utility or maintenance charges shall be the responsibility of the purchaser of the Mortgaged Property at the foreclosure sale(s).

7.      The United States Marshal for the Eastern District of Kentucky ("United States Marshal") be and is hereby authorized and directed to offer the Mortgaged Property for sale at public auction. The sale shall be conducted within Kenton County, Kentucky. The United States Marshal shall advertise the sale by causing a notice of sale, containing the time and place of the sale, a description of the Mortgaged Property, and the terms of the sale, to be published no less than once a week for four consecutive weeks prior to the sale in a daily newspaper of general circulation in Kenton County, Kentucky. The Plaintiff shall pay the expenses of such advertising, and shall be reimbursed upon distribution of the sale proceeds. Prior to the sale, the United States Marshal shall have the Mortgaged Property appraised by a certified/licensed appraiser who shall be duly sworn by the law before entering upon such duties. Bank of America shall pay the customary fee for the appraisal, and shall be reimbursed upon distribution of the sale proceeds. Neither the appraiser nor

anyone acting on his or her behalf may make the bid to purchase the Mortgaged Property. Upon the sale of the Mortgaged Property, the successful bidder may pay to the United States Marshal the purchase price in cash or upon a credit of 30 days. At the sale, no bid (except as to Bank of America) shall be accepted unless the same is accompanied by an immediate cash deposit of at least 25% of the amount of the purchase

price.  The successful bidder(s) shall execute a sales bond with good and sufficient surety, or shall provide a bank letter of credit, for the balance of the purchase price. The requirement of a sales bond or a bank letter of credit may be reasonably waived by the United States Marshal.  The successful bidder(s) must tender the balance of the purchase price to the United States Marshal within 30 days following the date of the sale. Upon a default by the purchaser(s), the purchaser's initial deposit shall be forfeited and retained by the United States Marshal to be subsequently disbursed as a part of the proceeds of sale; whereupon the Mortgaged Property shall again be offered for sale in compliance with this Judgment.

8.    Bank of America shall prepare the Marshal's deed.  The United States Marshal is not required to generally warrant title to the Mortgaged Property, and in no event shall the United States Marshal be personally obligated in any manner whatsoever.  The United States Marshal shall tender the deed to the Court for approval and endorsement. The United States Marshal shall not deliver or cause delivery of the deed to the purchaser of the Mortgaged Property until such time as the sale has been confirmed by the Court, the deed has been examined and approved by the Court, and the purchase price has been paid in full to the United States Marshal.  Following confirmation of the sale, payment in full of the purchase price, and delivery of the deed, the Plaintiff shall forthwith file of record

4

herein a motion for distribution of proceeds, and to have this action stricken from the Court's active docket.

9. The proceeds of the sale of the Mortgaged Property shall be subjected first to the payment of the costs of this action and the sale, then toward the satisfaction of Bank of America's judgment against the Defendants, and thereafter as this Court shall direct.

10. In order to conduct the foreclosure sale of the Mortgaged Property, the United States Marshal shall have possession of the Mortgaged Property. Any persons now possessing or occupying the Mortgaged Property shall make the same available for inspection upon reasonable notice by the United States Marshal, and all such persons now possessing or occupying the Mortgaged Property shall completely move out of the Mortgaged Property not later than 30 days from the date of entry of this Judgment. Should any such person fail to move out of the Mortgaged Property in compliance with this Judgment, the United States Marshal shall be entitled to the entry of a Writ of Assistance providing for the eviction of such persons from the Mortgaged Property. The United States Marshal for the Eastern District of Kentucky is hereby authorized and directed to perform any and all acts which may be reasonably required to protect the Mortgaged Property and to maintain the peace at the sale of the Mortgaged Property or at the eviction of persons who fail to comply with this Judgment.

11. The right is reserved to the Plaintiff to make later claims for amounts advanced for taxes, insurance, assessments, sums expended pursuant to KRS § 426.25, and other levies and costs paid by Plaintiff.

12. The Agreed Order (Case No. 2:11-cv-168, Doc. # 180) shall terminate on the date of delivery of the deed.

This is a **final and appealable order** and no just cause for delay exists.

This 6th day of July, 2015.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\Covington\2012\12-23 Amended Judgment.wpd