# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

| | | |
|---|---|---|
| SMA PORTFOLIO OWNER, LLC, et al., | : | CIVIL ACTION NO. 2:12-CV-0023-DLB-JGW |
| Plaintiff, | : | |
| v. | : | Judge David L. Bunning |
| | : | (Mag. Judge J. Gregory Wehrman) |
| CORPOREX REALTY & INVESTMENT, LLC, et al., | : | |
| Defendants. | : | |
| BANK OF AMERICA, N.A., | : | CIVIL ACTION NO. 11-168-DLB-JGW |
| Plaintiff, | : | |
| v. | : | Judge David L. Bunning |
| | : | (Mag. Judge J. Gregory Wehrman) |
| CPX MADISON PLACE OFFICE, LLC, | : | |
| Defendant. | : | |

## MEMORANDUM IN OPPOSITION TO BANK OF AMERICA'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR ATTORNEYS' FEES

### INTRODUCTION

Almost a year ago, Plaintiff Bank of America, N.A. (the "Bank") filed a Motion for Summary Judgment in which it represented to this Court that:

> Although BANA is entitled to recover legal fees and costs and other charges under the loan documents, for the purposes of summary judgment only, *BANA is only seeking to recover unpaid principal and interest*.

12522465.1

(Doc. No. 232-2, p. 13, n. 3)(emphasis added). Consistent with that representation to the Court, the Bank presented no argument and no evidence to support any claim for attorneys' fees and related expenses. On that basis, then, this Court granted the Bank final judgment on all of its claims with an award solely of unpaid principal and interest. Nonetheless, once that final judgment had been entered, the Bank started suggesting to Defendants and to this Court its intention to seek an award of attorneys' fees. At worst, the Bank misrepresented its intentions to this Court a year ago; at best, it is engaging in rank gamesmanship today. Its motion for additional time to file an attorneys' fees motion is baseless and should be denied.

The Bank's claim for attorneys' fees is baseless for two primary reasons: (1) It waived the right to seek such fees and related expenses when it filed its motion for summary judgment; and (2) The claim for attorneys' fees was an element of damages that the substantive law required the Bank to prove as part of its motion for summary judgment. The matter is now res judicata unless the judgment is reversed on appeal.

I. **The Bank Waived Any Claim to Attorneys' Fees and Related Expenses**

A waiver is an intentional relinquishment of a known right. *Dunn v. Gordon Food Services, Inc.*, 780 F. Supp.2d 570, 576 (W. D. Ky., 2011.) In its motion for summary judgment, the Bank first stated its position that it had a contractual right to recover legal fees and then represented to the Court that, notwithstanding that right, it was seeking to recover only principal and interest, not attorneys fees. In other words, the Bank was not asking the Court to award its legal expenses even though it knew, in its own words, that it was "entitled to recover" such expenses. Plainly, the Bank waived its claim to attorneys' fees.[1] Under analogous circumstances, the United States District Court for the Western District of Michigan held that

---

[1] The Bank reserved its right to seek the recovery of legal expenses if the motion for summary judgment was denied. That is not relevant here, since the motion was granted.

plaintiffs waived the ability to recover fees related to time spent pursuing attorneys' fees and costs by explicitly stating that they were not seeking those fees in their initial fee motion. *Carlson v. Leprino Foods Co.,* No. 1:05-CV-798, 2010 WL 299490, at *4 (W.D. Mich. Jan. 20, 2010).

## II.     The Court's Judgment is Res Judicata on the Bank's Claim for Attorneys' Fees

The Bank claims that it intends to file a motion for attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d). That Rule is inapplicable to a claim for attorneys' fees that must be proved at trial, as is the case here. Rule 54(d) provides that a claim for attorneys' fees must be made by motion "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The advisory committee notes confirm that the rule, which permits the bringing of a claim for attorneys fees by motion, post-judgment, "does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." Fed. R. Civ. P. 54 Advisory Committee's Note. In effect, the Rule makes a distinction between attorneys' fees that are sought as a collateral matter, which can be determined *after* adjudication of the case on the merits, and those sought as an element of damages, which must be proved at trial. *Clarke v. Mindis Metals, Inc.,* No. 95-5517, 1996 WL 616677, at *3 (6th Cir. Oct. 24, 1996).

The case law that has developed under Rule 54(d) makes a distinction between two types of contractual provisions: (i) "prevailing party" provisions and (ii) provisions under which attorneys' fees stemming from breach of contract are an element of damages. *Lynch v. Sease,* No. 6:03-479, 2006 WL 1206472, at *3 (E.D. Ky. May 2, 2006) (denying motion for attorneys' fees where the "condition precedent to recovering attorneys' fees is a breach of contract . . . not

12522465.1                                  3

the successful litigation of the breach of contract" and thus the party was required to prove attorneys' fees at trial). Indeed, when the contractual provision does not provide for attorneys' fees and related costs to be paid to the "prevailing party," but instead makes them contingent on the breach of contract itself, or part of the breach-of-contract claim, they are considered to be part of the substantive claim and must be proved at trial. *Kraft Foods N. Am., Inc. v. Banner Eng'g & Sales, Inc.,* 446 F. Supp. 2d 551, 578 (E.D. Va. 2006) ("Where attorney's fees are an element of damages, such as in an indemnification clause, the award of attorneys' fees should be denied where the party seeking them fails to carry its burden of proof at trial"); *Rockland Trust Co. v. Computer Assoc. Int'l, Inc.,* No. 95-11683, 2008 WL 3824791, at *6 (D. Mass. Aug. 1, 2008) (concluding that a party's "claim for attorney's fees would be viewed as a substantial element of damages under the existing case law and must be proved to the trier of fact"); *Pride Hyundai, Inc. v. Chrysler Fin. Co., LLC,* 355 F. Supp. 2d 600, 604-06 (D.R.I. 2005) (holding that party had to prove attorneys' fees at trial where contractual provision was not a prevailing party provision). By contrast, when attorneys' fees are sought pursuant to a prevailing party provision, the issue of attorneys' fees is considered collateral and does not have to be proved as an element of damages at trial. *Rockland Trust Co. v. Computer Assoc. Int'l, Inc.,* 2008 WL 3824791, at *5 (D. Mass. Aug. 1, 2008).

   In this matter, the loan documents provide for the recovery of legal expenses in the event of default. (Doc. No. 232-6, section 6, p. 10; and Doc. No. 232-7, section 17, p. 20.) Nowhere do the loan documents include a prevailing party provision. As such, the Bank's legal expenses were an element of its damages that were required to be proved at trial or, as here, as part of the Bank's motion for summary judgment. Now that final judgment has been awarded on the Bank's breach of contract claims, it cannot now seek additional damages. *See United States v.*

*Ryan*, 810 F.2d 650, 654 (7th Cir. 1987)("Res judicata contains two related but distinct principles of judicial finality, merger and bar. 'Merger' means that a plaintiff who obtains a final judgment may not thereafter maintain a second action against the defendant on the same claim. 'Bar' means that a final judgment in favor of a defendant bars a second action by the plaintiff on the same claim.")(citations omitted.) Here, the Bank sought attorneys fees as part of its complaint, based on its contracts with the Defendants, and obtained a final judgment on those contract claims. As such, all of its contract based claims have been merged into the judgment, including its claim for attorneys fees. As a result, the matter is res judicata and the Bank is barred, absent a reversal of the judgment on appeal, from seeking such fees now. *Id.*

Moreover, because that final judgment is now subject to an appeal, this Court has no continuing jurisdiction to consider the Bank's claim.

For these reasons, the Bank should be given no extension of time to file a motion for attorneys' fees. Fed. R. Civ. P. 54(d) does not apply either to the Bank's claim for past fees and expenses or, at this time, to any future expenses.

Respectfully submitted,

s/Earl K. Messer
Earl K. Messer (pro hac vice)
Robert B. Craig (15590)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: 513-381-2838
Fax: 513-381-0205
Email: messer@taftlaw.com

and

        s/Robert Rocke, Esq.
Robert L. Rocke (pro hac vice)
Raul Valles (pro hac vice)
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, FL  33629
Phone:  (813) 769-5600
Fax:     (813) 769-5601
Email:  rrocke@rmslegal.com
       rvalles@rmslegal.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on July 13, 2015, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all parties.

        s/Earl K. Messer
Earl K. Messer

12522465.1
6